UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEITH LITTLE,

        Plaintiff,

v.

RUTH HOLZAPFEL, *et al.*,

        Defendants.

Case No. 2:24-cv-3196
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss for Failure to State a Claim filed by Defendants (ECF No. 11) and a Motion to Dismiss Plaintiff's Amended Complaint without Prejudice filed by Plaintiff Keith Little (ECF No. 14). Mr. Little also filed a Motion to Disqualify Counsel. (ECF No. 21.) All three motions are fully briefed and ripe for review. For the reasons below, Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 11.) Mr. Little's Motion to Dismiss (ECF No. 14) is **DENIED**, and the Motion to Disqualify Counsel (ECF No. 21) is **DENIED AS MOOT**.

**BACKGROUND**

Mr. Little, who is proceeding without the assistance of counsel, brings this action against his former co-worker at OhioHealth, Ruth Holzapfel, and his former supervisor, Abbey Morante.

In March 2023, Mr. Little filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against OhioHealth. (ECF No. 2-1, PageID 4–6.) He alleged that OhioHealth discriminated and retaliated against him because of his age, disability, race, and sex. (*Id.*) He alleges that a year later in March 2024, the EEOC issued a determination and notice

1

of right to sue, but Mr. Little does not attach a copy of the right to sue notice to his complaint. (ECF No. 7, PageID 31.)

Mr. Little commenced this action on June 11, 2024. (ECF No. 2.) One week later, he resigned his position at the OhioHealth Westerville Emergency Medical Center. (*Id.* PageID 3.) Four months later, he filed a First Amended Complaint (ECF No. 5) and a Second Amended Complaint (ECF No. 7). The Second Amended Complaint only names Defendants Morante and Holzapfel and dropped OhioHealth as a party. (ECF No. 7, PageID 30.) Defendants treat the Second Amended Complaint as the operative complaint, and the Court will do the same. (*See* ECF No. 11, PageID 42.)

Mr. Little alleges his former co-worker Ruth Holzapfel harassed and mocked him, causing him "mental duress" and interfering with his duties in the lab at OhioHealth. (ECF No. 7, PageID 31–32.) He alleges that his supervisor, Abbey Morante knew of his disability and made him "do the work of two employees." (*Id.*) When he protested, she retaliated against him by placing a "Corrective Action" in his employee file. (*Id.*) He argues that his female colleagues were "given preferential treatment by management" and that he was treated differently because of his race and gender. (*Id.*) To cope with the harassment, Mr. Little sought mental health counseling. (*Id.*) But even with the assistance of counseling, he felt compelled to resign his position at OhioHealth. (*Id.*) He seeks $500,000 in damages "for civil rights violations and pain and suffering" caused by Defendants. (*Id.*)

The Court construes the complaint as asserting these claims against Defendants Morante and Holzapfel: (1) discrimination based on his disability in violation of the Americans with Disabilities Act ("ADA"); (2) discrimination based on his race in violation of Title VII of the Civil

2

Rights Act of 1964; (3) discrimination based on his sex or gender in violation of Title VII; and (4) failure to accommodate in violation of the ADA. (*See* ECF No. 7.)

Defendants moved to dismiss the complaint for failing to state a claim on which relief can be granted. (ECF No. 11.) Mr. Little responded (ECF No. 15), and Defendants replied (ECF No. 18). Mr. Little then filed his own Motion to Dismiss, asking that if the Court dismissed his case, that it do so without prejudice. (ECF No. 14.) Defendants opposed that Motion. (ECF No. 19.) Mr. Little also moved to disqualify BakerHostetler as counsel for Defendants. (ECF No. 21.) Defendants responded (ECF No. 22), and Mr. Little replied (ECF No. 23).

## STANDARD OF REVIEW

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

"[P]ro se litigants are to be afforded liberal construction of their pleadings and filings." *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Lab.*, 461 F. App'x 411, 414 (6th

Cir. 2012) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)). Even so, courts should not be left to guess at the nature of the claims asserted. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (unpublished) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## ANALYSIS

The Court and Defendants construe Mr. Little's pro se complaint as alleging that both Defendants Morante and Holzapfel discriminated and retaliated against him during his employment at OhioHealth based on his sex, disability, or race in violation of the ADA and Title VII. Defendants move to dismiss the complaint because neither the ADA nor Title VII allows an employee to hold a supervisor or co-worker individually liable. (ECF No. 11, PageID 44–45.) Because Defendants Morante and Holzapfel were not Mr. Little's employer, they cannot be subject to individual liability under Title VII or the ADA. (*Id.*)

The ADA prohibits covered entities from discriminating against disabled employees because of their disability. 42 U.S.C § 12112(a). A covered entity includes an employer, defined as "a person engaged in an industry affecting commerce who has 15 or more working employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person[.]" 42 U.S.C. § 12111(5)(A). Individual supervisors, however, who do not independently qualify as employers cannot be held personally liable under the ADA. *Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997).

The Sixth Circuit has explained that the liability scheme under the ADA is similar to Title VII and that an employer is defined in essentially the same way under both statutes. *Id.* at 404 n.6; *see also* 42 U.S.C. § 2000e(b) (defining employer under Title VII similarly as the ADA). Therefore, "[a]s a matter of law, neither Title VII nor the ADA allow for liability against an

4

individual." *Robinson v. Rueggeberg*, No. 1:15-cv-82, 2015 U.S. Dist. LEXIS 103287, at *3 (S.D. Ohio Aug. 6, 2015) (Bowman, M.J.), *adopted by* 2015 U.S. Dist. LEXIS 116540, at *1 (S.D. Ohio Sep. 1, 2015) (Barrett, J.) (dismissing with prejudice a pro se plaintiff's claims against individuals under Title VII and the ADA); *see also Grace v. City of Lancaster DOT*, No. 2:17-cv-522, 2018 U.S. Dist. LEXIS 65248, at *5 (S.D. Ohio Apr. 18, 2018) (Smith, J.) (dismissing a plaintiff's individual claims under Title VII and the ADA).

Mr. Little admits that while working at OhioHealth's Westerville Medical Campus, Ms. Morante was his supervisor and Ms. Holzapfel was his co-worker. (ECF No. 7, PageID 31–32.) Neither his complaint nor his response in opposition to the motion to dismiss refutes Defendants' argument that Ms. Morante and Ms. Holzapfel do not qualify as employers under Title VII or the ADA. (*See* ECF No. 15.) Instead, Mr. Little responds that the Court should not dismiss his complaint because his sibling passed away suddenly in 2024, he anticipates having a "major surgery to correct a work-related spinal injury," and because the Ohio Civil Rights Commission has not completed its investigation into his allegations against OhioHealth. (ECF No. 14, PageID 56.) If the Court finds that dismissal is necessary, Mr. Little asks that the Court dismiss the complaint without prejudice. (*Id.*)

The Court is sympathetic to Mr. Little. But despite his arguments, Ms. Holzapfel and Ms. Morante are not employers under either Title VII or the ADA, and thus they cannot be held individually liable for the alleged discrimination. Mr. Little admits that he originally included OhioHealth in his complaint. He chose to remove OhioHealth to pursue a claim against it through

the Ohio Civil Rights Commission. (ECF No. 15, PageID 64.) In other words, OhioHealth is the "employer," not Defendants Morante and Holzapfel.

Accordingly, Defendants Morante and Holzapfel cannot be held liable under Title VII or the ADA, and Mr. Little's claims are dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. Because Defendants' individual liability is not a procedural or technical issue that can be corrected by refiling, the Court finds that dismissal with prejudice is appropriate. Since the Court has dismissed all claims against Defendants, the Court will not reach the merits of Mr. Little's Motion to Disqualify Counsel. (ECF No. 21.)

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is **GRANTED** (ECF No. 11), Mr. Little's Motion to Dismiss (ECF No. 14) is **DENIED**, and his Motion to Disqualify Counsel (ECF No. 21) is **DENIED AS MOOT**. The complaint against Defendants Morante and Holzapfel is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment and terminate this case from the Court's docket and to mail a copy of this Order to Mr. Little, who is proceeding without the assistance of counsel, at 257 Barcelona Avenue, Westerville Ohio 43081.

**IT IS SO ORDERED.**

**5/22/2025**                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                               **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**